## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **WILLIE FRANK WRIGHT, JR**, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL NO. 5:16-cv-0134-CAR-MSH** |
| **VS.** | : | |
| | : | |
| **DEBRA MCGRIEF, et al,** | : | |
| | : | |
| **Defendants.** | | |

## <u>ORDER OF DISMISSAL</u>

Plaintiff Willie Frank Wright, Junior, an inmate confined at Dooly State Prison in Unadilla, Georgia, has filed a *pro se* civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the filing fee and has requested immediate injunctive relief.[1]  Upon consideration of Plaintiff's motions (EFC No. 2, 5), Complaint (EFC No. 1) and "Amendment to Statement of Complaint" (EFC No. 5), the Court finds that Plaintiff's Motion to Proceed *in forma pauperis* and "request for TRO or preliminary injunction" must be **DENIED** and that Plaintiff's claims arising from events occurring at Wilcox State Prison (to include "all defendants named in case [number] 5:13-cv-386") and the "Dooly Medical Department" should be **DISMISSED WITH PREJUDICE**.  Plaintiff claims against Debra McGrief, Lieutenant Phelps and Warden Johnson are **DISMISSED WITHOUT PREJUDICE**.

---

1 In his Amendment, Plaintiff also moves for a injunctive relief.

## I.      Standard for Review under 28 U.S.C. § 1915A

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his allegations. *See* 28 U.S.C. § 1915A(a).  In so doing, the district court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).   To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*.   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice."   *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).   "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656

2

(11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

*See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

## II.    Plaintiff's Motion to Proceed *in forma pauperis*

As preliminary matter, the undersigned must first address Plaintiff's Motion to proceed without prepayment of the Court's filing fee.   Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."   Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim.   *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).   If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id.*

Court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database show that Plaintiff has filed multiple lawsuits in federal courts and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim.   *See Wright v. Massey*, 5:11-cv-491 (MTT) (M.D. Ga. Dec. 28, 2011); *Wright v. Hicks*, 5:10-cv-246 (MTT) (M.D. Ga. July 16, 2010) (dismissed); *Wright v. Waller*, 5:10-cv-254 (MTT) (M.D. Ga. Aug. 23, 2011).

3

Plaintiff in fact appears to concede this point, as both his Complaint and Amendment state that he is in "imminent danger of serious physical injury."   To invoke this exception to § 1915(g), however," a plaintiff must do more than claim that such a danger exists; he must also allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Sutton v. Dist. Attny's Ofc*., 334 F. App'x 278, 279 (11th Cir. Aug. 22, 2009).   Complaints of past injuries are not sufficient.   *Id*.   Vague and unsupported claims of possible dangers likewise do not suffice.   *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (denying the "imminent danger of serious physical injury" exception because the pleading was "largely a collection of vague and utterly conclusory assertions").   The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is *serious* physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (emphasis added).

Here, in his Complaint, Plaintiff first claims that he is being denied "blood pressure medication" in retaliation for his filing a complaint against an officer at Wilcox State Prison in 2013 and concludes that, without the medication, he "could die."   Plaintiff does not, however, provide any specific information about his medical condition; explain why the medication was prescribed or how the lack of medication will cause his condition to immediately decline; nor does he state why his death is imminent without the medication. To the contrary, Plaintiff states that he has since been able to control is blood pressure

4

taking foods out of his diet.  The Court thus finds that Plaintiff failed to sufficiently describe an imminent danger of serious physical injury in his complaint.  *See White*, 157 F.3d at 1231–32 (allegation plaintiff was being "deprived of life sustaining medication" was not alone sufficient to invoke the imminent danger exception); *McConico v. Allen*, No. CIV.A. 08-0168-CG-C, 2008 WL 4079310, at *2 (S.D. Ala. Aug. 27, 2008) (allegation that plaintiff's blood pressure to was elevated did not show imminent danger) (citing *Ball v. Allen*, 2007 WL 484547, at * 1 (S.D. Ala. Feb. 8, 2007) (unpublished) ("[T]he mere fact that plaintiff has complained of medical issues does not 'presume imminent danger.'")).

In his Amendment, Plaintiff concludes that he is also in imminent danger of serious physical injury because other inmates believe that he was responsible for a 90-day lockdown imposed on his entire dorm.  Plaintiff was in fact assaulted by two gang members on April 28, 2016.  All inmates involved, including Plaintiff, were then given disciplinary reports and sent to the "hole."   The only injury identified in the Amendment, however, is this past injury; Plaintiff does not provide any specific information about future, imminent threats posed by the same or other inmates.  He merely concludes or suspects that he may possibly be assaulted a second time.  Plaintiff also does not allege that has since been housed with those same inmates or even in the same dorm after the assault.  Plaintiff's allegations rather suggest that he was still in the "hole" (or at least housed in a different location, i.e., "placed in 103") when the Amendment was signed two days after the attack, on April 30, 2016, and thus no longer confined in the dorm with inmates that may wish to hurt him.  *See Medberry*, 185 F.3d at 1193 (exception was not

triggered where the threat of assault ceased to exist when plaintiff was placed in administrative confinement).

Furthermore, because the imminent danger exception applies only when the danger exists at the time the complaint is filed, imminent danger may not be shown in new allegations of injuries or danger in subsequent filings. *Davis v. Thomas County Sheriff's Dept.*, No. 6:06-cv-30, 2006 WL 2567883, *2 (M.D. Ga. Sept. 5, 2006) (citation omitted). Here, Plaintiff's Complaint was signed and presumably submitted for filing on April 5, 2016. According to the new claims in his Amendment, however, Plaintiff was not required to return to his dorm until April 8, 2016. It thus appears that the danger of assault by other inmates of which Plaintiff complains in his Amendment did not exist at the time of the filing of the complaint.

The Court therefore does not find Plaintiff allegations sufficient to satisfy the imminent danger exception; and as such, Plaintiff's Motion to Proceed *in forma pauperis* must be **DENIED**. When the district court denies a prisoner leave to proceed *in forma pauperis* pursuant to § 1915(g), the proper procedure is for the court to then dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## III.   Preliminary Review

Although the Court finds that Plaintiff's claims are barred by the three strikes rule and should therefore be dismissed without prejudice, the Court also finds, on preliminary review, that many of Plaintiff's claims are due to be dismissed *with* prejudice on other grounds. In his Complaint and Amendment, Plaintiff complains about events occurring at

both Wilcox State Prison ("WSP") and Dooly State Prison ("DSP").   The Complaint first alleges that Plaintiff was assaulted and injured by a "CERT" officer, Defendant Officer Brown[2] on September 18, 2013, at WSP.   He was thereafter denied medical care for his injuries by other officers, including Defendant Officer Jordan.   Plaintiff was eventually seen by physicians Dr. Ruis, and Dr. Robinson in October of 2013, but they failed to provide him with immediate medical treatment despite the fact an x-ray reveals that Plaintiff's hand was broken.

The Complaint also alleges that Plaintiff was later transferred to DSP and claims that officers there continue to harass him for filing a complaint against Officer Brown and causing Brown to be fired.   The Complaint alleges that CERT officers at DSP confiscated his legal papers and "high blood pressure medicine" and that one of the officers then spoke to the medical staff causing the "medical department" at DSP to also refuse to provide him blood pressure medication.

Plaintiff has thus now brought claims against individuals at WSP and the "medical department" at DSP for violations of his constitutional rights under 42 U.S.C. § 1983.

A. <u>Claims against WSP Defendants</u>

Plaintiff's Complaint first includes allegations against officers and medical staff at WSP based on Officer Brown's use of force in the fall of 2013 and the subsequent denial (or delay) of medical care by Defendants Officer Jordan, Dr. Ruis, and Dr. Robinson.   All

---

2 There are two "Officer Brown" defendants listed in the Docket of this case.   After a review of Plaintiff's pleadings, the undersigned concludes that both reference the same individual: Officer Antonio Brown at Wilcox State Prison.

§ 1983 claims arising out of these events are, however, time-barred.   In Georgia, § 1983 claims have a two year statute of limitations.   *See Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)); O.C.G.A. § 9-3-33 (1982).   Here, the events, of which Plaintiff complains, occurred at WSP between September 18, 2013, and October 16, 2013.   Plaintiff's Complaint was signed (and thus presumably submitted for filing) on or about April 5, 2016, which is nearly six months after the statute of limitations for bringing these claims expired.

Neither Plaintiff's Complaint nor his Amendment contain any allegations suggesting why the statute of limitations would not bar his WSP claims.   It is apparent that Plaintiff had sufficient information to bring a lawsuit against the WSP defendants within the statute of limitations, as he did in fact file a federal lawsuit against these defendants based on the same facts alleged here in 2013, which was dismissed under the three strikes rule: *Wright v. Owen*, 5:13-cv-386-MTT (M.D. Ga. Jan. 27, 2014).[3]   It therefore appears "beyond a doubt" that Plaintiff can prove no set of facts which would avoid a statute of limitations bar, *see Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1280 (11th Cir. 2001); and Plaintiff's WSP claims should be dismissed as untimely.

B.  Claims against "Dooly Medical Department"

---

3 The district court may take judicial notice of the docket sheets and filings in other cases.   *See Giustiniani v. Florida Dep't of Fin. Servs.*, No. 3:11-CV-792-J-37MCR, 2012 WL 398136, at \*3 (M.D. Fla. Feb. 8, 2012) ("[T]he Court takes judicial notice of the orders and opinions issued in other courts only to establish the fact of such litigation and related filings, not for the truth of the matters asserted in the other cases.") (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994) ("a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation")).

Plaintiff also claims that the "medical department" at DSP has deprived (and continues to deprive) him of "blood pressure medicine."   The medical department at DSP, however, is not a legal entity capable of being sued.   *See Cowart v. Baldwin Cty. Corr. Ctr. Med. Dep't*, No. CIV.A. 14-0197-WS-C, 2015 WL 1345162, at *8 (S.D. Ala. Mar. 23, 2015).   Plaintiff's allegations against the "medical department" thus fail to state a claim upon which relief may be granted.

## IV.     Request for "TRO or Preliminary Injunction"

Plaintiff's request for injunctive relief, in the event that it must be separately addressed, is **DENIED**.   An injunction may not issue unless the movant demonstrates, among other things, that an irreparable injury will be suffered.   *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).   For the same reasons that Plaintiff's Motion to Proceed *in forma pauperis* must be denied, *supra*, the Court finds that neither Plaintiff's complaint nor his motion sufficiently describes an imminent danger or shows that he will suffer an irreparable injury unless the injunction issues.

## V.     Conclusion

For the reasons discussed herein, Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED**.   *See* 28 U.S.C. 1915(g).   Therefore, and because the statute of limitations will not bar the refilling of Plaintiff's claims against Defendants Debra McGrief, Warden Johnson, or Lieutenant Phelps, those claims are hereby **DISMISSED WITHOUT**

**PREJUDICE**.[4]   However, because the deficiencies in Plaintiff's claims against the Wilcox State Prison Defendants (to include "all defendants named in case [number] 5:13-cv-386") and the "Dooly Medical Department" cannot not be cured, those claims are **DISMISSED WITH PREJUDICE**.   Plaintiff's request for emergency injunctive relief is **DENIED**.

       **SO ORDERED**, this 29th day of June, 2016.

           S/ C. Ashley Royal
           C. ASHLEY ROYAL
           UNITED STATES DISTRICT JUDGE

---

4 Plaintiff's claims against these defendants appear to only involve events occurring on or after July 21, 2015; and, by telephone, the Georgia Department of Corrections in fact confirmed that Plaintiff was not transferred to DSP until July of 2015. The limitations period for bringing a § 1983 claim in Georgia is generally two years from the date the plaintiff knew both that he was injured and the identity of the person(s) responsible for his injury.  *See Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)); O.C.G.A. § 9-3-33 (1982).