IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE FRANK WRIGHT, JR**, : | |
| : | |
| **Plaintiff,** : | |
| : | CIVIL NO. 5:16-cv-0134-CAR-MSH |
| **VS.** : | |
| : | |
| **DEBRA MCGRIEF, et al,** : | |
| : | |
| **Defendants.** | |

## ORDER

Plaintiff Willie Frank Wright, Jr., has filed a motion to proceed *in forma pauperis* on appeal from the Court's June 29, 2016, Order dismissing his Complaint. The district court may authorize an appeal of a civil action without prepayment of fees if the plaintiff submits an affidavit that includes a statement of his assets and shows that he is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). An appeal, however, may not be taken *in forma pauperis* – regardless of the plaintiff's economic eligibility – if the trial court finds that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

In this case, Plaintiff's Motion does not include an appropriate affidavit or statement showing that he is currently unable to prepay the filing fee. Also, as found in the dismissal order, Plaintiff has "three strikes" for the purposes of 28 U.S.C. § 1915(g) and is thus barred from proceeding *in forma pauperis* on appeal absent a showing of imminent danger of serious bodily injury. *See* Order, June 29, 2016, ECF No. 7. *See also Medberry v.*

*Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  Neither Plaintiff's Motion nor his Notice of Appeal (ECF No. 9) include a showing of an imminent danger, and this Court has already ruled that Plaintiff's Complaint also failed to make this showing.

The Court has also thoroughly reviewed the content of Plaintiff's Motion and Notice of Appeal, as well as the order of dismissal, and finds no grounds to support a good faith appeal.  "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  In this case, Plaintiff's Notice of Appeal states that the Court erred both in finding that Plaintiff failed to allege imminent danger[1] and in finding that Plaintiff's excessive force claims were time-barred.  An appeal on these grounds would be frivolous for those reasons stated in the Court's June 29, 2016, Order.  Plaintiff's Notice of Appeal also states that the application of the three-strikes rule was unconstitutional and that the two-year statute of limitations cannot bar his excessive force claim because he filed a timely case in state court.  These legal theories have no arguable merit in law or fact.  It is well-settled that "the three strikes . . . provision of 28 U.S.C. § 1915(g) passes constitutional muster." *Medberry*, 185 F.3d at 1192.  Plaintiff is also not entitled to any tolling of Georgia's two–year statute of limitations for the time he spent pursuing relief in state court; there is no provision in state or federal law that requires Plaintiff to exhaust his § 1983 claims in state court before pursuing a federal lawsuit.  *See Berry v. Keller*, 157 F. App'x 227, 230 (11th

---

1 In a related ground, Plaintiff states that the Court erred in not addressing his retaliation claims. The Court did not address the merit of these claims because they were barred by Plaintiff's failure to allege imminent danger and the three strikes rule.

2

Cir. 2005).[2]  The Court therefore certifies, pursuant to § 1915(a)(3), that Plaintiff's appeal is not taken in good faith.

In light of these findings, Plaintiff's Motion to Proceed *in forma pauperis* on Appeal is **DENIED**.  If Plaintiff wishes to proceed with his appeal, he must pay the entire $505.00 appellate filing fee.  Because Plaintiff has stated that he cannot pay the $505.00 immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to § 1915(b), the prison account custodian where Plaintiff is incarcerated shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account until the $505.00 appellate filing fee has been paid in full.  These funds shall be withheld by the prison account custodian who, on a monthly basis, shall forward the amount withheld from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the total filing fee of $505.00 has been paid.  Checks should be made payable to "Clerk, U.S. District Court."

**SO ORDERED**, this 29th day of July, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

---

[2] It is also again noted that Plaintiff had sufficient information to bring his excessive force claims within the statute of limitations, as he did in fact file a federal lawsuit against the defendants based on the same facts in 2013. That case was dismissed under the three strikes rule. *Wright v. Owen*, 5:13-cv-386-MTT (M.D. Ga. Jan. 27, 2014). Plaintiff's delay of more than two-years prior to refiling his excessive force claims does not demonstrate the extraordinary circumstance and due diligence necessary for an equitable tolling of the statute of limitations. *See Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700–701 (11th Cir. 2004).